IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PEGGY TODD                                                                    PLAINTIFF

v.                                                    CAUSE NO: 1:24-CV-43-SA-DAS

SHOE SHOW, INC. d/b/a
SHOE DEPARTMENT                                                               DEFENDANT

ORDER

This is a negligence case stemming from Peggy Todd's trip and fall at Shoe Department in

Amory, Mississippi. On January 29, 2024, she filed suit against Shoe Department in the Circuit

Court of Monroe County.

On February 29, 2024, Shoe Department removed the case to this Court, premising federal

jurisdiction on diversity of citizenship. *See* [1]. In the Notice of Removal [1], Shoe Department

explained that it was aware of the lawsuit but had not yet been served:

> Plaintiff Peggy Todd ("Plaintiff") filed this civil action on January
> 29, 2024. An unfiled copy of the Complaint was faxed to Shoe Show
> on January 30, 2024. To date, Shoe Show has not been served with
> summons or a filed copy of the Complaint.

[1] at p. 1.

On April 8, 2024 and again on May 9, 2024, the Clerk of Court entered Notices of

Incomplete Service of Process.

On June 14, 2024, Shoe Department filed a Motion to Dismiss [8] based upon Todd's

failure to timely serve. In the Motion [8], Shoe Department states that Todd effectuated service of

process on it on May 31, 2024—"some 123 days after filing [the] Complaint and some 92 days

after removal[.]" [8] at p. 1-2. Because service was effectuated late, Shoe Department seeks

dismissal of the lawsuit.

"The Mississippi Rules of Civil Procedure apply to an action before removal, and the Federal Rules of Civil Procedure apply after removal." *Copeland v. EMC Mortgage LLC*, 2016 WL 7634455, at *5 (S.D. Miss. Dec. 21, 2016) (citing MISS. R. CIV. P. 1; FED. R. CIV. P. 81(c)(1)). Federal Rule 4(m) sets forth the time limit for service and provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added).

Here, the case was removed on February 29, 2024, resulting in the service of process deadline being May 29, 2024 (90 days later). However, Todd did not serve Shoe Department until May 31, 2024. Service was untimely.

Shoe Department filed its Motion to Dismiss [8] on June 14, 2024. Notably, Todd has not responded to the Motion [8]. Rather, the only filing he has made is a Proof of Service [9]. That service return was signed by a representative of the Rankin County Sheriff's Department and indicates that service was effectuated on May 31, 2024. In other words, the Proof of Service [9] only confirms the representations that Shoe Department made in its Motion [8]. Todd has done nothing more.

Rule 4(m) directs the Court to dismiss the action *without prejudice* under these circumstances. The Court finds noteworthy the fact that the Rule specifically provides a mechanism for an extension of time—"if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). But here, Todd has not even requested an extension, and the Court therefore has no basis to extend the deadline— Todd has not even responded to the Motion to Dismiss [8] even though it was filed over three

months ago.

Therefore, the Court has no option but to GRANT Shoe Department's request. The case is hereby DISMISSED *without prejudice*.

SO ORDERED, this the 20th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE